UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.

DINA BRONSTEIN, individually,           )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )
                                        )
MIAMI BEACH HEALTHCARE GROUP,           )
LTD. d/b/a AVENTURA HOSPITAL AND        )   **JURY TRIAL DEMANDED**
MEDICAL CENTER, a Florida limited       )
partnership; NPAS SOLUTIONS, LLC, a     )
foreign limited liability company; and  )
NPAS, Inc. a foreign corporation,       )
                                        )
    Defendants.                         )

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

1. Plaintiff alleges violations of the Telephone Consumer Protection Act, 47 U.S.C § 227, *et seq.* ("TCPA"), the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et seq*. Defendants placed multiple, unlawful telephone calls in an attempt to collect a debt from Plaintiff despite the fact that Plaintiff did not owe any such debt.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the federal claims in this case pursuant to 28 U.S.C. §§ 1331, 15 U.S.C. § 1692 *et seq.* and 47 U.S.C. § 227, *et seq.* It has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.Venue in this District is proper because a substantial part of the events or omissions giving rise to the claims occurred here.

## PARTIES

3. Plaintiff, Dina Bronstein, is a natural person and a citizen of the State of Florida. She currently is, and at all times relevant to this action was a resident of Miami-Dade County, Florida.

4. Defendant, Miami Beach Healthcare Group, Ltd., ("MBHG") is a Florida limited partnership whose principal place of business is located at One Park Plaza, Nashville, Tennessee and whose registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324. MBHG conducts business in the State of Florida under the fictitious name of Aventura Hospital and Medical Center ("Aventura").

5. Defendant, NPAS Solutions, LLC ("NPAS Solutions"), is a foreign limited liability company whose principal address is One Park Plaza, Nashville, Tennessee 32703 and whose registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

6. Defendant NPAS Solutions regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. NPAS Solutions is registered with the State of Florida as a consumer collection agency and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

7. Defendant, NPAS, Inc. ("NPAS, Inc."), is a foreign corporation whose principal address is One Park Plaza, Nashville, Tennessee 32703 and whose registered agent for service of process in the State of Florida is CT Corporation System, 1200 South Pine Island Road, Plantation, FL 33324.

8.      Defendant NPAS, Inc. regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another. NPAS, Inc. is registered with the State of Florida as a consumer collection agency and is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6) and Fla. Stat. § 559.55(7).

9.      At all times material to the allegations in this Complaint, Defendants NPAS Solutions and NPAS, Inc. were acting in concert, interchangeably and indistinguishable from one another in the attempted collection of an alleged debt from Plaintiff. Accordingly, NPAS Solutions and NPAS, Inc. are collectively referred to herein as NPAS.

**FACTUAL ALLEGATIONS**

10.     On July 18, 2014, Plaintiff had occasion to receive medical treatment at Aventura which resulted in total charges of $2,174.00. Plaintiff's insurance paid a total of $95.00, leaving a remaining balance of $2,079.00. On August 7, 2014, Aventura issued a statement to Plaintiff declaring the full remaining balance due and payable as of that date.

11.     Plaintiff disputed the reasonableness of the total charges and ultimately negotiated a payment reduction whereby Aventura agreed to accept $1053.76 (the "settlement amount") from Plaintiff as payment in full. As confirmation, Aventura sent a letter to Plaintiff, on November 6, 2014, acknowledging that her "patient responsibility has been paid in full at this time."

12.     In direct contravention of the settlement agreement, Aventura, beginning in January 2015, commenced collection activity against Plaintiff by demanding an additional $761.80 from Plaintiff, over and above the settlement amount.

13.     In furtherance of its attempt to collect, Aventura, on or about February 1, 2015, assigned Plaintiff's account to NPAS for collection. Immediately thereafter, NPAS on

behalf of and at the direction of Aventura, commenced additional collection activity against Plaintiff, demanding an additional $761.80 from Plaintiff, over and above the settlement amount.

14. Plaintiff contacted both Aventura and NPAS in order to explain that the alleged debt had been paid in full pursuant to a settlement agreement, however both refused to cease collection efforts.

15. NPAS, on behalf of Aventura, continued to send collection letters and make calls to Plaintiff's cell phone for the next several months. With respect to the telephone calls, Plaintiff, during each conversation with an NPAS representative, instructed NPAS to cease placing calls to her cellular telephone.

16. In addition to the oral revocation of consent described above, Plaintiff sent written notification to NPAS, demanding therein that it cease all communications relating to the alleged Aventura debt. NPAS, however, refused to acknowledge the demand and continued with collection activity against Plaintiff.

17. NPAS continues to contact Plaintiff on her cellular phone in an attempt to collect the alleged Aventura Hospital debt. The recent telephone calls, like those which came before, appear to have been placed by some type of predictive dialer or other automatic telephone dialing equipment, evidenced in part by the fact that Plaintiff, upon answering the telephone call, was met with the "dead air," "clicks," and characteristic delays which form the hallmark of autodialer use.

18. According to the Public Utility Commission of Texas, Defendant NPAS Solutions maintains automatic dialing equipment at its offices located at 2700 Blankenbaker

Parkway, Suite 100, Louisville, KY 40299.[1]

19. As further evidence of autodialer use, NPAS lists on its website that the NPAS [collection] environment includes "a highly automated call center." [2]

20. At all times material to this Complaint, both Aventura and NPAS were engaged in the collection of "consumer debt" within the meaning of Fla. Stat. § 559.55(6).

21. At all times material to this Complaint, both NPAS Solutions and NPAS, Inc. were acting as debt collectors, engaged in the collection of "debt", within the meaning of 15 U.S.C. §1692a(5).

22. At all times material to this Complaint, Plaintiff was and is a "consumer" within the meaning of Fla. Stat. § 559.55(7) and 15 U.S.C. § 1692a(3).

23. At all times material to this Complaint, Plaintiff was an is a "person" as contemplated in 47 U.S.C. § 227(b)(3).

24. At all times material to this Complaint, both NPAS Solutions and NPAS, Inc. were and are a "person" as contemplated in 47 U.S.C. § 227(b)(1).

## COUNT I

**VIOLATION OF THE TELEPHONE CONSUMER PROTECTION ACT**
(*All Defendants*)

25. Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint as is fully set forth herein.

26. To demonstrate a violation of the TCPA, the Plaintiff need only show that Defendants called a number assigned to a cellular telephone service using an automatic

---

[1] Source: http://www.puc.texas.gov/industry/communications/directories/adad/report_adad.aspx?ID=ADSQL01DB1245626600006 (Last accessed: December 29, 2015).
2 Source: http://www.npasweb.com/senior-manager-operations.html (Last accessed: December 23, 2015).

dialing system or prerecorded voice. *Breslow v. Wells Fargo Bank, NA*, 857 F. Supp. 2d 1316, 1319 (S.D. Fla. 2012).

27. The NPAS Defendants violated 47 U.S.C. § 227(b)(1)(A)(iii) of the Telephone Consumer Protection Act by making telephone calls to Plaintiff's cellular telephone which were initiated by an automatic telephone dialing system and/or prerecorded and/or artificial voice; therefore, they were not legally permissible under any provision of the aforementioned statute. Having been made after receipt of instructions to cease placing such calls, certain of the calls were made willfully or knowingly.

28. Aventura is liable for the TCPA violations of NPAS Defendants because they were acting in concert as principal and agent. See FCC Declaratory Ruling, 28 F.C.C.R. 6574, ¶ 34 (2013). Aventura retained the services of the NPAS Defendants for purposes of assisting with the collection of its debts. NPAS accepted the assignment and, as instructed by Aventura, proceeded with efforts to achieve the purposes for which it was retained, *i.e.*, collect money from Plaintiff. *See e.g., Gregory v. EBF & Asociates, LP*, 595 F. Supp. 2d 1334 (S.D. Fla. 2009).

**WHEREFORE**, Plaintiff DINA BRONSTEIN requests that the Court enter judgment in favor of Plaintiff and against all Defendants, jointly and severally, for:

a. $500 dollars in statutory damages for each violation of the TCPA held not to be a knowing or willful violation;

b. $1500 dollars in statutory damages for each violation of the TCPA held to be a knowing or willful violation;

    c.    A permanent injunction prohibiting Defendants from placing non-emergency calls to Plaintiff's cellular telephone by use of an automatic telephone dialing system;

    d.    Litigation expenses and costs of the instant suit to the extent provided by law, and:

    e.    Such other or further relief as the Court deems proper.

## COUNT II

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(*NPAS Defendants only*)

29. Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint as is fully set forth herein.

30. To prevail on an FDCPA claim, a plaintiff must prove that: (1) he has been the target of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined under the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Battle v. Gladstone Law Group, P.A.*, 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013).

31. Plaintiff sent a written communication to NPAS demanding that all collection efforts cease and desist, attaching the letter from Aventura acknowledging payment in full. NPAS ignored Plaintiff's demand to cease communications and continued its collection efforts by sending her collection letters and making calls to her cellular telephone.

32. The aforesaid communications were made in violation of 15 U.S.C. § 1692c(c) which prohibits a debt collector from communicating with a consumer "[i]f a consumer notifies [it] in writing that the consumer refuses to pay a debt or that the consumer

wishes the debt collector to cease further communication with the consumer. . . ." *Barnes v. Seterus, Inc.*, No. 13-cv-81021 (S.D. Fla. Dec. 26, 2013).

**WHEREFORE**, Plaintiff DINA BRONSTEIN requests that the Court enter judgment in favor of Plaintiff and against the NPAS Defendants, jointly and severally, for:

a. Damages, both statutory and actual;

b. Attorney's fees, litigation expenses and costs of suit; and

c. Such other or further relief as the Court deems proper.

## COUNT III

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
### (*NPAS Defendants only*)

33. Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint as is fully set forth herein.

34. To prevail on an FDCPA claim, a plaintiff must prove that: (1) he has been the target of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined under the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Battle v. Gladstone Law Group, P.A.*, 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013).

35. Plaintiff incurred a debt to Aventura and paid that debt in full, pursuant to a negotiated settlement agreement. Accordingly, Plaintiff fulfilled her obligation to Aventura as evidenced by Aventura's letter acknowledging that her "patient responsibility has been paid in full at this time." Regardless, the NPAS Defendants repeatedly alleged that Plaintiff owed Aventura $761.80 and repeatedly demanded that Plaintiff pay that amount, despite direct knowledge that Plaintiff owed no such debt.

36. Section 1692e(2)(A) prohibits "false representation of . . . the character, amount, or legal status of any debt." Section 1692e(10) similarly prohibits "[t]he use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." *Hepson v Resurgent Capital Services, LP*, No. 09-15435. Non-Argument Calendar (11th Cir. June 17, 2010). The aforesaid allegations and demands were made in violation of 15 U.S.C. § 1692e(2)(A) and 15 U.S.C. § 1692(e)(10) because NPAS demanded money from Plaintiff when, in fact, she owed nothing.

**WHEREFORE**, Plaintiff DINA BRONSTEIN, requests that this Court enter judgment in her favor, and against the NPAS Defendants, jointly and severally, for:

a. Statutory and actual damages pursuant to 15 U.S.C. §1692k;

b. Attorney's fees, litigation expenses and costs of the instant suit; an

c. Such other or further relief as the Court deems proper.

### COUNT IV

### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
(*NPAS Defendants only*)

37. Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint as is fully set forth herein.

38. To prevail on an FDCPA claim, a plaintiff must prove that: (1) he has been the target of collection activity arising from consumer debt; (2) the defendant is a debt collector as defined under the FDCPA; and (3) the defendant has engaged in an act or omission prohibited by the FDCPA. *Battle v. Gladstone Law Group, P.A.*, 951 F. Supp. 2d 1310, 1313 (S.D. Fla. 2013).

39. Plaintiff incurred a debt to Aventura and paid that debt in full, pursuant to a negotiated settlement agreement. Accordingly, Plaintiff fulfilled her obligation to Aventura as evidenced by Aventura's letter acknowledging that her "patient responsibility has been paid in full at this time." Regardless, the NPAS Defendants repeatedly alleged that Plaintiff owed Aventura $761.80 and repeatedly demanded that Plaintiff pay that amount, despite direct knowledge that Plaintiff owed no such debt.

40. Section 1692d prohibits a debt collector from "engaging in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt." *Harris v. Liberty Community Management, Inc.*, 702 F.3d 1298 (11th Cir. 2012). The conduct of the NPAS Defendants violate the aforesaid section because the natural consequence of their repeated and purposeful attempts to collect a nonexistent debt is to harass, oppress, or abuse the Plaintiff to the point where she acquiesces to demands to pay a debt she does not owe.

**WHEREFORE**, Plaintiff DINA BRONSTEIN, requests that this Court enter judgment in her favor, and against the NPAS Defendants, jointly and severally, for:

a. Statutory and actual damages pursuant to 15 U.S.C. §1692k;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

### COUNT V

**VIOLATION OF FLORIDA CONSUMER COLLECTION PRACTICES ACT**
(*All Defendants*)

41. Plaintiff re-alleges and incorporates the foregoing paragraphs of this Complaint as is fully set forth herein.

42. In collecting consumer debts, no person shall willfully communicate with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family. Fla. Stat. § 559.72(7). It is also unlawful to claim, attempt, or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some other legal right when such person knows that the right does not exist. Fla. Stat. § 559.72(9).

43. Any person who fails to comply with any provision of section 559.72 is liable for actual damages and for additional statutory damages as the court may allow, but not exceeding $1,000, together with court costs and reasonable attorney's fees incurred by the plaintiff. Fla. Stat. § 559.77(2). The court may award punitive damages and may provide such equitable relief as it deems necessary or proper, including enjoining the defendant from further violations of this part. Id.

44. Plaintiff incurred a debt to Aventura and paid that debt in full, pursuant to a negotiated settlement agreement. Accordingly, Plaintiff fulfilled her obligation to Aventura as evidenced by Aventura's letter acknowledging that her "patient responsibility has been paid in full at this time." Regardless, both Aventura and the NPAS Defendants repeatedly alleged that Plaintiff owed Aventura $761.80 and repeatedly demanded that Plaintiff pay that amount, despite direct knowledge that Plaintiff owed no such debt.

45. The aforesaid allegations and demands were made in violation of Fla. Stat. § 559.72 because the Defendants demanded money from Plaintiff when she, in fact, owed nothing. Moreover, the Defendants' willful and knowing attempts to collect a nonexistent debt occurred with such frequency the natural result of which was to harass, oppress, or

abuse the Plaintiff to the point where she acquiesces to demands to pay a debt she does not owe. Without the injunctive relief available through section 559.72, Plaintiff faces the prospect of continued harassment and abuse at the hands of these Defendants.

**WHEREFORE**, Plaintiff DINA BRONSTEIN, requests that this Court enter judgment in her favor, and against Defendants, jointly and severally, for:

a. Actual, statutory and punitive damages, along with injunctive relief pursuant to Fla. Stat. § 559.77;

b. Attorney's fees, litigation expenses and costs of the instant suit; and

c. Such other or further relief as the Court deems proper.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated:  December 30, 2015.

Respectfully submitted,

s/ Scott D. Owens
Scott D. Owens, Esq.
SCOTT D. OWENS, P.A.
3800 S. Ocean Dr., Ste. 235
Hollywood, FL 33019
Tel: (954) 589-0588
Fax: (954) 337-0666
Florida Bar No. 0597651
scott@scottdowens.com